UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, et al.,

                                  Plaintiffs,        Docket No.:
                                                     11-6360 (LDW)(ETB)

            -against-

BENJAMIN YENTEL, M.D., et al.,

                                  Defendants.
--------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE ORDERS TO
SHOW CAUSE FILED BY NON-PARTY WITNESSES SEEKING TO QUASH
NON-PARTY DEPOSITION SUBPOENAS**

**BRUNO, GERBINO & SORIANO, LLP**
*Counsel for Plaintiffs*
**ALLSTATE INSURANCE COMPANY ET AL.**
445 Broad Hollow Road
Suite 220
Melville, New York 11747-3601
(631) 390-0010 x166
(631) 393-5497 - *facsimile*
BG&S No.: 24-6253

## PRELIMINARY STATEMENT

Plaintiffs submit the following memorandum of law in opposition to the Orders to Show Cause filed by non-party witnesses JAMAICA WELLNESS MEDICAL, P.C. (hereinafter referred to as "JAMAICA WELLNESS") and DAVID SAFIR (hereinafter referred to as "SAFIR"), both of which are nearly identical and seek to quash the non-party deposition subpoenas served upon them by ALLSTATE INSURANCE COMPANY (hereinafter referred to as "ALLSTATE") pursuant to Fed. R. Civ. Proc. 45.

The sole issue raised in the Orders to Show Cause filed by non-party witnesses JAMAICA WELLNESS and SAFIR (hereinafter sometimes collectively referred to as the "NON-PARTY WITNESSES") is whether the appropriate fees were tendered at the times in which the subject subpoenas were served. Aside from the unsupported statements made by counsel for JAMAICA WELLNESS and SAFIR, the NON-PARTY WITNESSES have failed to tender any proof that the correct fees were not issued in connection with the service of the subpoenas.

As set forth in greater detail herein, ALLSTATE has annexed sufficient proof demonstrating that the applicable fees were tendered at the times in which the subpoenas were served on JAMAICA WELLNESS and SAFIR. In light of the evidence set forth by ALLSTATE, the subject Orders to Show Cause are without merit and the allegations contained therein are frivolous and not supported by the record before the Court.

## FACTUAL BACKGROUND

On August 28, 2012, Bruno Gerbino & Soriano, LLP, on behalf of ALLSTATE, drafted various non-party witness subpoenas, including the subpoenas for JAMAICA WELLNESS and SAFIR. Thereafter, an assignment was made to Meridian Investigations & Security LLC to serve said subpoenas.

### JAMAICA WELLNESS

With respect to the subpoena for JAMAICA WELLNESS, a copy of same was served on JAMAICA WELLNESS on September 6, 2012. Said subpoena requested that JAMAICA WELLNESS appear for a deposition and produce certain documents on October 19, 2012, at 10:00 a.m. A copy of said subpoena is annexed hereto as **Exhibit "1"**. Along with the subpoena, a check in the amount of $77.55 was tendered to JAMAICA WELLNESS representing the statutory fees for one day's attendance and the mileage allowed by law. A copy of the Proof of Service with regard to the subpoena served on JAMAICA WELLNESS is annexed hereto as **Exhibit "2"**. On or about September 17, 2012, JAMAICA WELLNESS cashed the check for the witness fee in the amount of $77.55. A copy of the cashed check is annexed hereto as **Exhibit "3"**.

At 9:57 a.m. on October 19, 2012, the date in which the deposition of JAMAICA WELLNESS was to take place, counsel for JAMAICA WELLNESS filed an unsigned Order to Show Cause seeking to stay the enforcement of the subpoena and quash the subpoena on the basis that the improper fees were tendered at the time in which the subpoena was served. *See*: Declaration of Frank D'Esposito at ¶5 (Document Number 52). In the Memorandum of Law in support of its Order to Show Cause, JAMAICA WELLNESS admits receipt of the subpoena. *See*: Memorandum of Law at unnumbered page 4 (Document Number 52). The Memorandum of Law reads in relevant part as follows:

> Concerning the subpoena herein, Jamaica Wellness was not properly served. Upon serving Jamaica Wellness with the deposition subpoena in question, Plaintiff only tendered fifteen dollars, not forty dollars as is required. Moreover, Plaintiff failed to tender any payment to Jamaica Wellness for reasonable mileage allowance. As such, the service of Plaintiff's subpoena is in clear violation of Rule 45 of the Federal Rules of Civil Procedure, as well as applicable case law. Accordingly, the subpoena must be quashed.

*See*: Memorandum of Law at unnumbered page 4 (Document Number 52).

It must be noted that JAMAICA WELLNESS failed to submit any affidavit or evidentiary proof in support of its allegations. As set forth above, not only was JAMAICA WELLNESS provided with a check in the amount of $77.55 at the time the subpoena was served, JAMAICA WELLNESS cashed said check. See: **Exhibit "3"**.

It should further be noted that because JAMAICA WELLNESS waited until 3 minutes prior to the time in which the deposition was scheduled to begin, ALLSTATE incurred costs associated with obtaining a court reporter. ALLSTATE has further incurred significant costs associated with responding to the frivolous Order to Show Cause which was filed by JAMAICA WELLNESS.

**DAVID SAFIR**

With respect to the subpoena for SAFIR, a copy of same was served on SAFIR on September 12, 2012. Said subpoena requested that SAFIR appear for a deposition and produce certain documents on October 22, 2012, at 10:00 a.m. A copy of said subpoena is annexed hereto as **Exhibit "4"**. Along with the subpoena, a check in the amount of $78.83 was tendered to Safir representing the statutory fees for one day's attendance and the mileage allowed by law. A copy of the Proof of Service with regard to the subpoena served on Safir is annexed hereto as **Exhibit "5"**. However, it must be noted that the process server had listed the incorrect address on the Proof of Service. As such, the process server provided an Affidavit of Service listing the correct address where SAFIR was served with the subpoena. A copy of the Affidavit of Service for the subpoena served on Safir (listing the correct address where he was served) is annexed hereto as **Exhibit "6"**. Additionally, the process server has provided a copy of the disbursement stubs from their checkbook. A copy of the disbursement stub for the check which was written to SAFIR is annexed hereto as **Exhibit "7"**. Lastly, the

process server has provided a copy of their payment leger listing both the checks for JAMAICA WELLNESS and SAFIR.  A copy of the payment leger is annexed hereto as **Exhibit "8"**.

Counsel for SAFIR filed substantially the same unsigned Order to Show Cause which was filed on behalf of JAMAICA WELLNESS.  Said Order to Show Cause sought to stay the enforcement of the subpoena and quash the subpoena on the basis that the improper fees were tendered at the time in which the subpoena was served.  *See*: Declaration of Frank D'Esposito at ¶5 (Document Number 54).  In the Memorandum of Law in support of its Order to Show Cause, SAFIR admits receipt of the subpoena.  *See*: Memorandum of Law at unnumbered page 4 (Document Number 52).  The Memorandum of Law reads in relevant part as follows:

> Concerning the subpoena herein, David Safir was not properly served.  Upon serving David Safir with the deposition subpoena in question, Plaintiff only tendered fifteen dollars, not forty dollars as is required.  Moreover, Plaintiff failed to tender any payment to David Safir for reasonable mileage allowance.  As such, the service of Plaintiff's subpoena is in clear violation of Rule 45 of the Federal Rules of Civil Procedure, as well as applicable case law.  Accordingly, the subpoena must be quashed.

*See*: Memorandum of Law at unnumbered page 4 (Document Number 52).

It must be noted that SAFIR fails to submit any affidavit or proof in support of his allegations.  As set forth herein, at the time in which the subpoena was served on SAFIR, a check was tendered in the amount of $78.83.  See: **Exhibits "5", "6" and "7"**.

It must be noted that ALLSTATE has incurred significant costs associated with responding to the frivolous Order to Show Cause which was filed by SAFIR.

## ARGUMENT

ALLSTATE has put forth sufficient proof evidencing that the relevant fees were tendered at the times in which the subject subpoenas were served on JAMAICA WELLNESS and SAFIR. The allegations put forth by the NON-PARTY WITNESSES are unsupported and frivolous, designed solely to multiply the proceedings in an unreasonable and vexatious manner. Based

upon the evidence submitted by ALLSTATE, and the lack thereof submitted by JAMAICA WELLNESS and SAFIR, this Honorable Court must deny the subject motions to quash and Order both JAMAICA WELLNESS and SAFIR to comply with the subpoenas which were previously served.

The sole issue which is raised by the NON-PARTY WITNESSES in their Orders to Show Cause is whether the appropriate fees were tendered at the times in which the subpoenas were served. Based upon the plain language of the pleadings, both JAMAICA WELLNESS and SAFIR acknowledge receipt of the respective subpoenas. Further, neither party raises any other issue associated with the subpoenas.

As set forth in the proofs submitted by ALLSTATE, the proper fees were tendered in accordance with Fed. R. Civ. Proc. 45 (b)(1) and 28 USCS §1821. Although the NON-PARTY WITNESSES assert that they were only paid fifteen dollars, they submit no proof with regard to same. As set forth above, JAMAICA WELLNESS cashed a check in the amount of $77.55 which accompanied the subpoena and represented the fees calculated in accordance with the applicable laws as described above. With respect to SAFIR, ALLSTATE has submitted an Affidavit of its process server setting forth the amount of the check which was tendered to SAFIR at the time in which the subpoena was served.

To date, neither witness has submitted any proof substantiating their allegations that they were only paid a fee of fifteen dollars at the times in which the subpoenas were served. Due to the fact that the NON-PARTY WITNESSES waited until the eve of their depositions to put forth unsubstantiated and frivolous allegations, it is evident that the tactics employed by the NON-PARTY WITNESSES were designed solely to multiply the proceedings in an unreasonable and vexatious manner.

The conduct of counsel for the NON-PARTY WITNESSES has availed themselves to sanctions pursuant to Fed. R. Civ. Proc. 11 (b).  Which reads in relevant part as follows:

> **Representations to the Court.**  By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Clearly no reasonable inquiry was performed as the factual contentions put forth by counsel for the NON-PARTY WITNESSES have no evidentiary support.

Although ALLSTATE has not yet moved for sanction pursuant to Rule 11 of the Federal Rules of Civil Procedure against counsel for the NON-PARTY WITNESSES, "…the Court on its own may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  Brown v. Hendler, 2009 U.S. Dist. Ct. Motions 360439 (S.D.N.Y. 2010).

Lastly, and as set forth herein, based upon the conduct of counsel for the NON-PARTY WITNESSES, ALLSTATE has incurred significant expenses in responding to the unsubstantiated, frivolous and factually incorrect arguments put forth by counsel for the NON-PARTY WITNESSES.  As such, ALLSTATE is entitled to recover excess costs, expenses and attorneys' fees  pursuant to 28 USCS § 1821 associated with baseless Orders to Show Cause filed by counsel for the NON-PARTY WITNESSES.

## **CONCLUSION**

Based upon the foregoing, the Orders to Show Cause filed by the NON-PARTY WITNESSES seeking to quash the subpoenas of JAMAICA WELLNESS and SAFIR must be denied and both parties must be Ordered to comply the subpoenas which were previously served. Allstate should also be awarded costs, including attorneys' fees, associated with responding to the factually inaccurate arguments offered by counsel for the NON-PARTY WITNESSES.

Dated: Melville, New York
       December 3, 2012

Respectfully submitted,
**BRUNO, GERBINO & SORIANO, LLP**
By:

_____
    VINCENT F. GERBINO (VG0555)
*Counsel for Plaintiffs*
ALLSTATE INSURANCE COMPANY ET AL.
445 Broad Hollow Road
Suite 220
Melville, New York 11747-3601
(631) 390-0010 x166
(631) 393-5497 - *facsimile*
BG&S No.: 24-6253


TO:   ALL PARTIES VIA ECF

# *EXHIBIT "1"*

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Allstate Insurance Company, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Benjamin Yentel, M.D., et al. | ) |
| *Defendant* | ) |

Civil Action No.   11 CV 6360

(If the action is pending in another district, state where:

)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Jamaica Wellness Medical, P.C., 455 Ocean Pkwy, Suite 1EFG, Brooklyn, New York 11218

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

The relationship between Jamaica Wellness Medical, P.C. ("Jamaica") and Benjamin Yentel, M.D. ("Yentel"), B.J.Y. Freeport, P.C. ("BJY"), B.Y., M.D., P.C. ("BYMD") and Innovative Medical, P.C. ("Innovative").

| Place: Bruno, Gerbino & Soriano, LLP<br>445 Broad Hollow Road, Suite 220<br>Melville, New York 11747 | Date and Time:<br>10/19/2012 10:00 am |
|---|---|

The deposition will be recorded by this method:  __Court Reporter__

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any and all agreements, contracts and documents between Jamaica and Benjamin Yentel, M.D. ("Yentel"), B.J.Y. Freeport, P.C. ("BJY"), B.Y., M.D., P.C. ("BYMD") and Innovative Medical, P.C. ("Innovative"). Including but not limited to any transfer of ownership documents, management agreement, lease agreements or any other agreements entered into between the above-mentioned parties or transfered from any of the above-mentioned parties to Jamaica and/or any officers, agents or owners of Jamaica.

---

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  __08/28/2012__

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____,
Allstate Insurance Company, et al. _____, who issues or requests this subpoena, are:
Vincent F. Gerbino, Esq., Bruno Gerbino & Soriano LLP, 445 Broad Hollow Road, Suite 220, Melville, New York 11747
VGerbino@bgslaw-ny.com, (631) 390-0010

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  11 CV 6360

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named individual as follows: _____

_____     on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

*EXHIBIT "2"*

AO 88 (Rev.07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 10 Civ. 6330 (DAB)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Jamaica  Wellness  Medical  PC

was received by me on *(date)*   _____

☑ I served the subpoena by delivering a copy to the named person as follows:  ZIA  B

@  455  Ocean  Pkwy,  Suit  1EFG  Brooklyn  NY  11218
_____   on *(date)*  9/6/12  @ 12:00pm ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$   77.55   .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00    .

I declare under penalty of perjury that this information is true.

Date:      9/7/12                                   _____
                                                       *Server's signature*

                                              LISA  Lehn  NYC  Lic  Process  Server  1361666
                                                       *Printed name and title*

Jeremy E. Stephens
Notary Public
State of New York, County of New York
Registration No. 02ST5060541
Expires Date: 05/20/20__

                                              48  Days  Ave  Port  Washington  NY  11050
                                                       *Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT "3"

Check Image

https://businessaccess.citibank.citigroup.com/cbusol/docserver/actions/D...

Print   Close

**CHECK: 1622**
**Date:** Sep 17, 2012
**Amount:** $77.55



543416506397 143752   20120914 0000000009994766950
TRN_DEBIT    JHUYNH        000
Sheepshead Bay 0434    94004 5434 9  0166

Did you know... Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more.

1 of 1

10/22/2012 8:03 PM

# *EXHIBIT "4"*

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | | |
|---|---|---|
| Allstate Insurance Company, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   11 CV 6360 |
| v. | ) | |
| Benjamin Yentel, M.D., et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  David Safir, 388 Avenue S, Apt. 4A, Brooklyn, New York 11223

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Your professional and business relationship with Benjamin Yentel, M.D. ("Yentel"), B.J.Y. Freeport, P.C. ("BJY"), B.Y., M.D., P.C. ("BYMD") and Innovative Medical, P.C. ("Innovative"). Including any verbal and/or written agreements.

| Place: Bruno, Gerbino & Soriano, LLP | Date and Time: |
|---|---|
| 445 Broad Hollow Road, Suite 220 Melville, New York 11747 | 10/22/2012 10:00 am |

The deposition will be recorded by this method:   Court Reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
Any and all agreements, contracts and documents between you and Benjamin Yentel, M.D. ("Yentel"), B.J.Y. Freeport, P.C. ("BJY"), B.Y., M.D., P.C. ("BYMD") and Innovative Medical, P.C. ("Innovative"). Including but not limited to any management agreement, lease agreements, service agreements or any other agreements and/or contracts entered into between the above-mentioned parties to you and/or any  company and/or corporation in which you maintained any ownership interest.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    08/28/2012

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Allstate Insurance Company, et al. _____ , who issues or requests this subpoena, are:
Vincent F. Gerbino, Esq., Bruno Garbino & Soriano LLP, 445 Broad Hollow Road, Suite 220, Melville, New York 11747
VGerbino@bgslaw-ny.com, (631) 390-0010

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  11 CV 6360

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

□  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

*EXHIBIT "5"*

AO 88 (Rev.07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No   10 Civ. 6330 (DAB)

### PROOF OF SERVICE
#### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

This subpoena for (name of individual and title, if any)   David Safir

was received by me on (date) _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:
Affixed to door of Apt 4A - resident refused to open door @
388 Avenue S, Apt 4A Brooklyn NY (date) 9/12/12  Chi:sseen ; or

☐ I returned the subpoena unexecuted because: Subpoena was then mailed to
David Safir at Same address in envelope marked "personal + confidential"

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 78.82 .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date:  9/13/12

Server's signature

Lea Cohen Lazar NYC Lic Process Serv 1361664
Printed name and title

48 Davis Ave port washington, NY 11050
Server's address

Additional information regarding attempted service, etc:

Jeremy E. Stephens
Notary Public  Nassau
State of New York, County of New York
Registration No. 02ST5060544
Expires Date: 08/20/20__

# EXHIBIT "6"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY, ET AL.,
                              Plaintiff,                    Civil Action No.: 11 CV 6360

          -vs.-
                                                           AFFIDAVIT OF SERVICE

BENJAMIN YENTEL, ET AL.,
                              Defendants.

State of New York
County of Nassau                    ss:

LISA R. COHEN-LOEW being duly sworn deposes and says;
That deponent is not a party to the action, is over 18 years of age and resides in Nassau County, New York.

That on the 20th day of SEPTEMBER 2012 at 12:45pm at 245 EXETER STREET, BROOKLYN NY
11235, the dwelling place / usual place of abode within the state, Deponent served the within SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION upon DAVID SAFIR by conspicuously affixing
a true copy to the front door thereof, and at the same time tendering in advance $78.83 (Meridian
Investigations & Security Check #1624), the authorized travelling expenses and one day's witness fee. At
the premises deponent rang the buzzer and a male voice answered the intercom and asked who I was.
Deponent replied "I have papers for David Safir". He asked again who I was and I told him I was a Process
Server.  The man refused to open the door.  Deponent knew the person so served to be the witness
described in said subpoena.

Within 20 days of such affixing / delivery deponent caused to be enclosed a copy of the SUBPOENA TO
TESTIFY AT A DEPOSITION IN A CIVIL ACTION in a first class postpaid envelope properly addressed to
DAVID SAFIR at 245 EXETER STREET, BROOKLYN NY 11235 and deposited said envelope in an
official depository under the exclusive care and custody of the U.S. Postal Service within New York State.
The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by
return address or otherwise, that the communication was from an attorney or concerned an action against
the witness.

                                                           Lisa R. Cohen-Loew
                                                           NYC License No. 1361668

Sworn to before me
This 24th day of October 2012

Notary Public

Jeremy E. Stephens
Notary Public        Nassau
State of New York, County of New York
Registration No. 02ST6060541
Expires Date: 05/20/20__

# EXHIBIT "7"



# EXHIBIT "8"

## Meridian Investigations & Security LLC

10/24/2012 4:58 PM

Register: CITIBANK SUBPOENA A/C
From 09/02/2012 through 09/05/2012
Sorted by: Date, Type, Number/Ref

| Date | Number | Payee | Account | Memo | Payment | C | Deposit | Balance |
|------|--------|-------|---------|------|---------|---|---------|---------|
| 09/02/2012 | | CITIBANK | CITIBANK-OPERATI... | | | | 1,000.00 | 1,133.13 |
| 09/02/2012 | 1611 | NYPD | SUBPOENA FEE | clark v cny - Se... | 40.00 | | | 1,093.13 |
| 09/02/2012 | 1612 | NYPD | SUBPOENA FEE | clark v cny - D... | 40.00 | | | 1,053.13 |
| 09/02/2012 | 1613 | NYPD | SUBPOENA FEE | clark v cny - D... | 40.00 | | | 1,013.13 |
| 09/02/2012 | 1614 | michelle melnick | SUBPOENA FEE | clark v cny | 40.00 | | | 973.13 |
| 09/02/2012 | 1615 | ada bronx | SUBPOENA FEE | VOID: clark v ... | | X | | 973.13 |
| 09/02/2012 | 1616 | ERIC KRUPNIK | SUBPOENA FEE | ALLSTATE V ... | 78.17 | | | 894.96 |
| 09/02/2012 | 1617 | VADIM CHERVIN | SUBPOENA FEE | ALLSTATE V ... | 73.21 | | | 821.75 |
| 09/02/2012 | 1618 | SHTRAHMAN ASS... | SUBPOENA FEE | ALLSTATE V ... | 73.21 | | | 748.54 |
| 09/02/2012 | 1619 | BILLY NABIL GERIS | SUBPOENA FEE | ALLSTATE V ... | 84.77 | | | 663.77 |
| 09/02/2012 | 1620 | PARKWAY MEDIC... | SUBPOENA FEE | ALLSTATE V ... | 84.77 | | | 579.00 |
| 09/02/2012 | 1621 | MITTAL BRIJ KUM... | SUBPOENA FEE | ALLSTATE V ... | 67.90 | | | 511.10 |
| 09/02/2012 | 1622 | JAMAICA WELLN... | SUBPOENA FEE | ALLSTATE V ... | 77.55 | | | 433.55 |
| 09/02/2012 | 1623 | LEONID KAPLAN | SUBPOENA FEE | ALLSTATE V ... | 80.70 | | | 352.85 |
| 09/02/2012 | 1624 | DAVID SAFIR | SUBPOENA FEE | ALLSTATE V ... | 78.83 | | | 274.02 |
| 09/02/2012 | 59 | ada bronx | SUBPOENA FEE | For CHK 1615 ... | 40.00 | X | | 234.02 |
| 09/04/2012 | 1625 | bellevue hospital | SUBPOENA FEE | armstrong | 15.00 | | | 219.02 |
| 09/04/2012 | 1626 | bellevue hospital | SUBPOENA FEE | armstrong | 15.00 | | | 204.02 |
| 09/04/2012 | 1627 | bellevue hospital | SUBPOENA FEE | armstrong | 15.00 | | | 189.02 |
| 09/04/2012 | 1628 | NYS DMV | SUBPOENA FEE | VOID: armstrong | | X | | 189.02 |
| 09/04/2012 | 1629 | NYPD | SUBPOENA FEE | armstrong | 15.00 | | | 174.02 |
| 09/04/2012 | 1630 | FDNY | SUBPOENA FEE | armstrong | 15.00 | | | 159.02 |
| 09/05/2012 | 1631 | bajram muriqi | SUBPOENA FEE | figueroa | 15.00 | | | 144.02 |
| 09/05/2012 | 1634 | bajram muriqi | SUBPOENA FEE | figueroa | 18.20 | | | 125.82 |
| 09/05/2012 | 1635 | trans city water & se... | SUBPOENA FEE | figueroa | 15.00 | | | 110.82 |
| 09/05/2012 | 1636 | bajram muriqi | SUBPOENA FEE | figueroa | 18.20 | | | 92.62 |

Docket No.:   11-6360 (LDW)(ETB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALLSTATE INSURANCE COMPANY, et al.,

                                        Plaintiff (s),

                    -against-

BENJAMIN YENTEL, M.D., et al.,

                                        Defendant(s)

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE ORDERS TO SHOW CAUSE FILED BY
NON-PARTY WITNESSES SEEKING TO QUASH
NON-PARTY DEPOSITION SUBPOENAS**

---

BRUNO, GERBINO & SORIANO, LLP
Attorney(s) for Defendants
445 Broad Hollow Road – Suite 220
Melville, New York  11747
631.390.0010
BGS@BGSLAW-NY.COM

File No.:  24-6253

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this document or the contentions contained therein, are not frivolous.*

*Dated:*   _November 1, 2012_          Signature_____

                                        Print Signer's Name  Vincent F. Gerbino

---

**Service of a copy of the within**                                    **is hereby**
**admitted.**

**Dated,**

                                        _____
                                        **Attorney(s) for**

**Sir:  Please take notice**
☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the Clerk of the within named Court on
☐ *NOTICE OF SETTLEMENT*
that an order                                        of which the within is a true copy will be
presented for settlement to the HON.                 one of the Judges of the
within named Court, at
on the              day of              at              m.